Goenaga *v.* Aldrey, District Judge.

Application for a writ of *certiorari.*

No. 66.—Decided October 20, 1910.

Certiorari—Hearing—Lack of Notice.—Where it is sought by *certiorari* to annul a decision rendered by the trial court on an incidental issue in a case, because of lack of notice from the adverse party, the writ will not issue if the decision is reviewable on appeal from the final judgment when pronounced.

Id.—Lack of Notice—Hearing.—The failure to serve notice on the attorney of the applicant for a writ of *certiorari* is not sufficient for the purpose of annulling the hearing of an incidental issue, especially when the affidavits presented do not show that the attorney had an office in San Juan, it appearing, on the contrary, from the affidavits, that he was habitually in the office of another attorney, where notice of the hearing about to be held was served.

The facts are stated in the opinion.

*Mr. Juan de Guzmán Benítez* for applicant.

Mr. Justice Wolf delivered the opinion of the court.

Rufino Goenaga Fuertes has applied to this court for a writ of *certiorari.* He complains that neither he nor his attorney was properly notified of a certain hearing and that, therefore, he was unable to be present in person or by attorney. It appears that depositions were to be taken and that the peti-

tioner reserved the right to cross-examine his opponent at the hearing or trial. The petition is exceedingly vague and confused inasmuch as, while it is admitted that no final judgment has been pronounced in the case, the nature of the hearing, at which the petitioner alleges he was unable to be present, is not set forth. The petition furthermore does not set forth that any application to remedy the said lack of notice was made to the trial court. The writ might very well have been denied for failure to put this court in possession of all the necessary facts. However, the writ was issued and the record is before us. We do not find anything therein that would justify the supposition that the matters complained of could not be reviewed on an appeal from the final judgment when pronounced. The essential question involved was whether the petitioner was notified of a hearing with respect to some branch of the case which was apparently submitted to the District Court of San Juan for decision. It is impossible to speak more clearly without examining all the papers in the case, and the record is a mixture of unsegregated pleadings, evidence and exhibits. It is unnecessary to look at everything therein. We have examined all the affidavits relative to the alleged lack of notification and the petition directed to the district court to remedy such lack. It seems that the attorney of the petitioner, Mr. Fernández García, was absent from the city and the service of notice was made on Mr. Serrano in the office of Attorney Juan Guzmán Benítez to be handed to Mr. Fernández García. Petitioner swears that said Serrano was not his employe and the fact is not disputed. Nevertheless, it is not shown that Fernández García had any other office in San Juan and the fact that he was habitually at the office of Mr. Guzmán Benítez seems to appear from the affidavit of said Serrano. The affidavits are silent as to any place where a notification could be sent.

The question of such notification was squarely presented to the District Court of San Juan which decided against peti-

tioner. We see no reason to nullify that decision even if the same could be properly brought before us by an application for a writ of *certiorari*. The writ must be annulled.

*Application denied.*

Justices MacLeary and del Toro concurred.

Chief Justice Hernández and Justice Figueras did not sit at the hearing of this case.